WELLS, Judge.
Kerry Dwainge Turner appeals from his Gort sentence claiming that the trial court impermissibly considered his post-conviction protestations of innocence when sentencing him. We affirm the sentence for two reasons: first, because Turner failed to raise the issue below and failed to file a motion to correct his sentence pursuant to Florida Rule of Criminal Procedure 3.800(b) before filing his initial brief, second, because consideration of Turner’s assertions was proper in the context of his request for mitigation. See Brannon v. State, 850 So.2d 452, 456 (Fla.2003)(“for defendants whose initial briefs were filed after the effective date of rule 3.800(b)(2), the failure to preserve a fundamental sentencing error by motion under rule 3.800(b) or by objection during the sentencing hearing forecloses them from raising the error on direct appeal”); Singleton v. State, 783 So.2d 970, 978 (Fla.2001)(confirming that “lack of remorse is admissible to rebut evidence of remorse or other mitigation”).